BRYAN SCHRODER
United States Attorney

STEVEN E. SKROCKI
Chief, Civil Division
U.S. Attorney's Office, District of Alaska
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: Steven.Skrocki@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

      Petitioner,

v.                                                  Case No.

3M COMPANY,

      Respondent.
_____/

## MOTION TO QUASH SUBPOENA

"Rule 26(c) and Rule 45(c)(3) give ample discretion to district courts to quash or modify subpoenas causing undue 'burden.' The Federal Rules also afford nonparties special protection against the time and expense of complying subpoenas." *Exxon Shipping Co. v. United States Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994); *see also Pebble Ltd. Partnership v. EPA*, 310 F.R.D. 575, 581 (D. Ak. 2015). The United States of America invokes these authorities to quash a subpoena seeking testimony from Rosemarie Rotunno ("LTC Rotunno"), who while serving in

the National Guard conducted a single audiology examination almost twelve years ago of one of the plaintiffs in the above-captioned action. This subpoena should be quashed because it seeks information already in defendants' possession, and LTC Rotunno has no independent recollection of that examination and thus cannot provide any additional information through testimony. Moreover, the cumulative impact of the subpoena warrants quashing it or requiring that the United States be ordered to provide the declaration that it proffered in lieu of the burdensome testimony.

## BACKGROUND FACTS

3M is a defendant in multi-district litigation in the Northern District of Florida related to the safety of 3M products. *See In re 3M Combat Arms Earplug Products Liability Litigation*, Case No. 3:19-md-2885-MCR-GRJ (N.D. Fla.). The United States of America is not a party in this litigation.

In connection with that MDL, on July 28, 2020, 3M submitted a *Touhy* request seeking LTC Rotunno's deposition. 3M then issued a subpoena on August 18, 2020 seeking documents and testimony. Ex. A, attached hereto. 3M served the subpoena on August 20, 2020, 11 business days prior to the September 4, 2020 return date.

The subpoena seeks testimony, as well as documents concerning the one-time examination by LTC Rotunno of Plaintiff Vernon Curtis Rowe ("Plaintiff Rowe") almost twelve years ago, while an employee of the National Guard. The Department of Defense ("Department") has already produced all medical records pertaining to the plaintiff. LTC Rotunno has no independent recollection of the plaintiff and could provide no relevant information other than what is contained in the medical records. On August 29, 2020, the Department on behalf of its then-employee LTC Rotunno sent its official denial to the request for

testimony and documents and provided objections to the Rule 45 subpoena. *See* Ex. B, attached hereto.

As of filing, 3M has refused to withdraw the subpoena or otherwise compromise its requests or reschedule the deposition. 3M has also refused compromise offers for a declaration from LTC Rotunno in lieu of a deposition. For the following reasons, the subpoena should be quashed.

## **ARGUMENT**

Federal Rules of Civil Procedure 26(c)(1) and 45(c)(3) protect parties or persons from an "undue burden," and courts are particularly sensitive to burdens on non-parties. The "Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *High Tech Med. Instrumentation v. New Image Indus.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) (citing *United States v. CBS*, 666 F.2d 364, 371-72 (9th Cir. 1982)). This is because "[n]onparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party. . . . [A] witness's nonparty status is an important factor to be considered in determining whether to allocate discovery costs on the demanding or producing party." *CBS*, 666 F.2d at 371-72; *see also Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). "Although discovery is by definition invasive, parties to a lawsuit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Id.* Thus, "[i]mplied throughout Rule 45 is the concern that non-parties *not* be unduly burdened with discovery. Of course, third parties are not exempt from producing evidence in their possession, but the requesting party must

demonstrate need and must limit the discovery to reduce the burden it imposes." *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-CV-20000-RDP, 2016 WL 11689073, at *1 (N.D. Ala. June 20, 2016). Indeed, "sanctions are appropriate if the subpoenaing party fails to take reasonable steps to avoid imposing an undue burden on a third party." *High Tech Med.*, 161 F.R.D. at 88.

The need to reduce the discovery burden on nonparties is especially important where, as here, the request is for the deposition of a government employee. The Government has a "legitimate interest in orderly governmental operations and the proper use of officials' time." *Alex v. Jasper Wyman & Son*, 115 F.R.D. 156, 157 (D. Me. 1986); *see also Sharon Lease Oil Co. v. F.E.R.C.*, 691 F. Supp. 381, 384 (D.D.C. 1988) (same). Indeed, "[c]ourts generally refuse to compel the deposition of a government witness if the [requesting party] may obtain discovery by an alternative and less burdensome method to the government." *See, e.g., Gomez v. City of Nashua,* N.H., 126 F.R.D. 432, 436 (D. N.H. 1989). Here, 3M has failed to demonstrate a need for the requested documents or testimony, and 3M has likewise failed to reduce the burden of its overbroad and unnecessary subpoena by accepting the proferred declaration in lieu of the deposition.

## I. BECAUSE THE DEPARTMENT ALREADY HAS PRODUCED THE RECORDS REQUESTED, THE SUBPOENA IS DUPLICATIVE AND CUMULATIVE.

Although styled a subpoena for testimony, the subpoena attaches a Request for Production, seeking documents either already in defendant's possession or in the public domain. Specifically, the subpoena seeks LTC Rotunno's production of the following categories of documents:

> 1. All documents concerning the hearing evaluation and audiogram conducted on Plaintiff Rowe by you on December 12, 2008 or any subsequent evaluation and audiogram.

U.S. v. 3M
Case No.  4

2. All documents relating to Plaintiff Rowe and his hearing evaluation, hearing, and tinnitus.

3. All documents, communications, and correspondence between Plaintiff Rowe and DoD employees stationed at Elmendorf Air Force Base and Fort Richardson Army Base in Anchorage, Alaska, including you, concerning any follow-up evaluations, appointments, or discussions related to Plaintiff Rowe's December 12, 2008 hearing evaluation and audiogram.

4. Written policies and procedures related to military audiological evaluations.

5. Written policies and procedures related to the selection, distribution, fitting, and training for hearing protection devices.

Ex. B at 1. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (prohibiting discovery if the request is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."). Here, the Government has already produced the relevant records pertaining to the Plaintiff Rowe's care, and the additional records sought are publicly available. Thus, to the extent the subpoena seeks documents, it is cumulative and duplicated and should be quashed. Fed. R. Civ. P. 26(b)(2)(C)(i).

## II. BECAUSE LTC ROTUNNO HAS NO INDEPENDENT RECOLLECTION OF HER EXAMINATION OF PLAINTIFF ROWE, THE DECLARATION THE DEPARTMENT PROFFERED IS A MORE CONVENIENT AND LESS BURDENSOME SOURCE OF HER LIMITED INFORMATION.

LTC Rotunno's limited information about Plaintiff Rowe can be obtained through means less burdensome than a deposition. Fed. R. Civ. P. 26(b)(2)(C)(i). Depositions are usually the most burdensome means of obtaining facts in litigation. The government has a "legitimate interest in orderly governmental operations and the proper use of officials' time." *Alex v. Jasper Wyman & Son*, 115 F.R.D. 156, 157 (D. Me. 1986). These concerns are especially significant when live testimony is requested from a federal agency. In the face of such a request, "an agency's choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency's resources." *Puerto Rico v. United States*, 490 F.3d

U.S. v. 3M
Case No. 5

50, 61 (1st Cir. 2007). Once an agency determines not to provide testimony "in the context of private litigation when the government is not a party, a court should not order testimony to be given . . . without the showing of a compelling interest." *Alex*, 115 F.R.D. at 157; *Comsat Corp. v. National Science Found.*, 190 F.3d 269, 278 (4th Cir. 1999) (to conserve agency resources and prevent a non-party agency from becoming embroiled in private litigation, the decision to permit employee testimony is committed to the agency's sole discretion). Thus, a court may require that information be sought by means that are "more convenient, less burdensome, or less expensive." *See* Fed. R. Civ. P. 26(b)(2)(C). Indeed, "[c]ourts generally refuse to compel the deposition of a government witness if the [requesting party] may obtain discovery by an alternative and less burdensome method to the government." *See, e.g., Gomez v. City of Nashua, N.H.*, 126 F.R.D. 432, 436 (D. N.H. 1989).

     LTC Rotunno has no additional information to provide through testimony or otherwise concerning Plaintiff Rowe beyond what is contained in the medical records. Ex. B at 3. Her examination of Plaintiff Rowe was almost twelve years ago. Defendants have not indicated why LTC Rotunno's testimony is needed outside of the medical records contained in Defendants' possession. Indeed, the subpoena provides no description at all of the requested testimony except by reference to its attached Requests for Production. Under these circumstances, the limited extent of LTC Rotunno's relevant information is more appropriate for a declaration. The Department proffered such a declaration in lieu of the requested deposition. Specifically, the Department offered to provide a declaration stating that based on LTC Rotunno's review of Plaintiff Rowe's medical records, she did conduct his hearing exam on December 12, 2008 but has no recollection of that hearing exam. Ex. B. at 4. She can further attest to the fact she conducted all hearing exams similarly and describe how she conducted them. *Id.* Finally, LTC

U.S. v. 3M
Case No.                     6

Rotunno can attest that she provided pertinent details in the medical record to inform the next audiologist who saw her patients. *Id.* Because Defendants failed to accept this reasonable compromise, the Court should quash the subpoena in its entirety. At minimum the Court should limit the reach of the subpoena to require only the production of such a declaration. Fed. R. Civ. P. 26(c)(1).

### III. THE CUMULATIVE IMPACT OF DEFENDANTS' SUBPOENA IS UNDULY BURDENSOME.

The Court should consider the cumulative impact similar requests would have on the Department. *Westchester Gen. Hosp., Inc. v. HHS, Ctr. for Medicare & Medicaid Servs.*, 770 F. Supp. 2d 1286, 1298 (S.D. Fla. Feb. 23, 2011) ("[A]ny given request may seem small in isolation, but an agency has an interest in protecting itself against the cumulative disruption to its duties that would come with routinely granting requests for testimony.") (citing *Moore v. Armour Pharmaceutical Co.*, 927 F.2d 1194, 1198 (11th Cir. Apr. 2, 1991)). The 3M litigation involves more than 150,000 plaintiffs who likely were examined at some point during their military careers by various Department personnel. 3M sent *Touhy* or subpoena requests for at least 10 current or former Department employees in the span of two weeks without regard to the information already in defendants' possession or the Department's reasonable offer of accommodation. 3M is likely to continue serving these unnecessary, burdensome subpoenas absent court intervention. The cumulative impact of complying with 3M's s requests would be highly disruptive to the Department.

### CONCLUSION

For the foregoing reasons, the Court should grant this motion and quash the subpoena. In the alternative, the Court should order the Department to provide the proffered declaration of LTC Rotunno.

U.S. v. 3M
Case No. 7

RESPECTFULLY SUBMITTED, on September 3, 2020, at Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/ Steven E. Skrocki
Chief, Civil Division
Attorney for the Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2020,
a copy of the foregoing was served electronically to:

Mark J. Nomellini
Kirkland & Ellis LLP

s/ Steven E. Skrocki
Office of the U.S. Attorney

U.S. v. 3M
Case No. 8