James E. Torgerson (Bar No. 8509120)
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: 907.277.1900
jim.torgerson@stoel.com

Attorneys for Respondent 3M Company

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Petitioner,<br><br>    v.<br><br>3M COMPANY,<br><br>                                Respondent. | Case No.: 3:20-mc-00017-TMB |

## MOTION TO TRANSFER UNDER RULE 45(F)

3M Company respectfully moves that this Court transfer the United States' motion to quash the subpoena served on its employee, Rosemarie Rotunno ("LTC Rotunno"), to the issuing court in the Northern District of Florida.

## BACKGROUND

3M issued a subpoena to LTC Rotunno in connection with *In re 3M Combat Arms Earplugs Products Liability Litigation*, Case No. 3:19-md-2885, a multi-district litigation involving over 200,000 plaintiffs that has been pending before Judge Rodgers in the Northern District of Florida for nearly a year and a half. The plaintiffs in the MDL allege

that the dual-ended Combat Arms earplug, which was developed in part by a company later acquired by 3M, caused them to develop hearing loss and tinnitus. The vast majority of the plaintiffs are former servicemembers who used the Combat Arms during their military service.

The Court and parties have selected 24 plaintiffs, all former members of the Army, for bellwether trials scheduled to begin in April 2021. Many of the fact witnesses in the bellwether cases are currently employees of the federal government—principally physicians and audiologists who have treated the plaintiffs and current soldiers and officers who knew the plaintiffs during their service. 3M recently issued nine subpoenas to current federal employees (and will soon issue more) in connection with the first group of six bellwether plaintiffs. One of those subpoenas went to LTC Rotunno, an audiologist who administered a hearing test to bellwether plaintiff Vernon Rowe in December 2008. The United States filed its motion to quash the subpoena in this Court on September 4, 2020.

## ARGUMENT

Rule 45(f) permits the court where compliance is required to transfer a subpoena-related motion to the issuing court "if the court finds exceptional circumstances." In deciding whether to transfer a motion, "the prime concern should be avoiding burdens on local nonparties subject to subpoenas."[1] In some cases, however, "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying

---

[1] FED. R. CIV. P. 45(f) advisory committee's note (2013 amendments).

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

litigation," such as when "the same issues are likely to arise in discovery in many districts." When the interest in sound management "outweigh[s] the interests of the nonparty served with the subpoena in obtaining local resolution of the motion," the motion to transfer should be granted.[2]

Here, the balance of interests weighs in favor of transfer. The United States is contesting this subpoena on behalf of LTC Rotunno, and the federal government has no interest in local resolution of its motion to quash. The United States is just as much at home in the Northern District of Florida as in the District of Alaska, and it is equally capable of contesting 3M's subpoena in either court.[3]

The United States' nonexistent interest in "local" resolution of its motion to quash does not "outweigh" the significant administrative benefits of transfer.[4] There is a near certainty that "the same issues" presented by this motion "are likely to arise in discovery in many districts."[5] As already discussed, 3M will soon have issued over 10 subpoenas to current federal employees located across the country in connection with the first group of bellwether cases, and it will issue a similar number of subpoenas in connection with the

---

[2] *Id.*

[3] *See Duck v. SEC*, 317 F.R.D. 321, 326 (D.D.C. 2016) (granting motion to transfer under Rule 45(f) in part because the Securities and Exchange Commission "fail[ed] to identify any burden").

[4] FED. R. CIV. P. 45(f) advisory committee's note (2013 amendments).

[5] *Id.*

*USA v. 3M Company*
Case No. 3:20-mc-00017-TMB  3

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

three groups to follow. On September 2, the United States moved to quash another subpoena served on Angela Gray, an audiologist who works for the Department of Defense, in the Middle District of Alabama. (Ex. A.) And, on September 2, the Department of Defense filed in the Middle District of Florida a motion to quash a subpoena served on Leslie Schulman, another audiologist. (Ex. B). There is every reason to suspect that more motions to quash are forthcoming. These motions will involve very similar arguments over the sufficiency of already produced medical records and the burden that depositions impose on government employees. It would be a needless waste of resources for dozens of federal courts across the country to become familiar with the facts of this litigation when Judge Rodgers could readily and consistently resolve the motions herself.

Piecemeal resolution of the government's motions to quash would also undermine the statutory role of the MDL court and threaten the integrity of the bellwether process. The purpose of forming an MDL is to allow a single judge to conduct "consolidated pretrial proceedings" for a group of cases involving common questions of fact.[6] Scattering these important discovery disputes across the country would conflict with that purpose, sacrificing the efficiency of consolidated MDL proceedings for no gain. Accordingly, district courts have repeatedly held that "*the MDL status of the underlying litigation is*

---

[6] 28 U.S.C. § 1407(a).

*USA v. 3M Company*
Case No. 3:20-mc-00017-TMB    4

**STOEL RIVES** LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

*surely an 'exceptional circumstance' that weighs strongly in favor of transfer to the Issuing Court under Rule 45(f).*"[7]

The MDL status of the underlying litigation is a particularly important factor in this case, where Judge Rodgers has overseen the parties' discovery requests to the federal government since the beginning of the MDL, and has set up centralized procedures for the parties to follow. In May 2019, representatives of the Department of Defense and Department of Justice gave an on-the-record presentation to Judge Rodgers and the parties on the *Touhy* regulations that govern the response of federal agencies to civil subpoenas and other discovery requests.[8] Judge Rodgers also appointed Special Master Judge David Herndon (ret.) to coordinate government discovery issues.[9]

---

[7] *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 378 (D.D.C. 2017) (emphasis added); *see also Mylan, Inc. v. Analysis Grp.*, 2018 WL 1204183, at *1 (D. Mass. April 20, 2018); *Visionworks of Am., Inc. v. Johnson & Johnson Vision Care, Inc.*, 2017 WL 1611915, at *2 (W.D. Tex. April 27, 2017); *In re Niaspan Antitrust Litig.*, 2015 WL 3407543, at *1 (D. Md. May 26, 2015) ("[W]here the underlying action is a multidistrict litigation, transfer may be warranted to avoid piecemeal rulings by different judges, reaching different conclusions, in resolving identical disputes.").

[8] (Ex. C.)

[9] (*See* Ex. D ("More specifically, the Special Master will help facilitate and manage discovery from the United States Department of Defense and Department of Justice. As part of his duties, the Special Master is entitled to interact with the parties and federal government officials to explore ways to manage and expedite discovery from the United States that is reasonably necessary and relevant to the claims and defenses of the parties in this case, and to report to the Court and/or the parties ex parte regarding the status of such efforts.")).

*USA v. 3M Company*
Case No. 3:20-mc-00017-TMB                 5

**STOEL RIVES** LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

Indeed, 3M and the United States have already spent months litigating a discovery dispute before Judge Rodgers and Magistrate Judge Gary Jones, which culminated in orders from Judge Rodgers that the parties should serve subpoenas on the government, in addition to administrative *Touhy* requests.[10] The government's motion to quash 3M's subpoena, therefore, arises directly from an order that Judge Rodgers entered just over two weeks ago.

Taking bellwether discovery out of Judge Rodgers' hands would also render her carefully constructed bellwether schedule unworkable. Judge Rodgers has divided the 24 bellwether plaintiffs into four trial groups, with a staggered schedule for fact discovery, and with the first bellwether trial beginning in April 2021. If different courts have responsibility for resolving the governments' motions to quash, it will be difficult if not impossible to keep the cases moving on a uniform timeline. A single bellwether case could involve subpoenas to government employees in three or four states, meaning three or four different courts might have to resolve motions to quash before fact discovery could close. Only Judge Rodgers is aware of the complicated and fast-moving schedule in this litigation, and only she can resolve the government's motions to quash in a manner consistent with the requirements of that schedule.[11]

---

[10] (Exs. E-G).

[11] 3M notes that FED. R. CIV. P. 45(f) advisory committee's note (2013 amendments) provides for judges facing subpoena issues in cases filed in another district to consult with the judge in the issuing court about those issues. "Judges in compliance districts may find

## CONCLUSION

For the foregoing reasons, 3M respectfully requests that this Court transfer the United States' motion to quash the subpoena served on LTC Rosemarie Rotunno to the court of Judge Rodgers in the Northern District of Florida.

DATED: September 9, 2020

STOEL RIVES LLP

By: /s/ James E. Torgerson
    James E. Torgerson (Bar No. 8509120)

Attorneys for Respondent 3M Company

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2020, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court, District of Alaska by using the CM/ECF system. Participants in this Case No. 3:20-mc-00017-TMB who are registered CM/ECF users, and who are listed below, will be served by the CM/ECF system.

Steven E. Skrocki
U.S. Attorney's Office
222 West 7th Ave., Room 253 #9
Anchorage, AK  99513
steven.skrocki@usdoj.gov

*Attorneys for Petitioner United States of America*

/s/ James E. Torgerson
James E. Torgerson
102993150.1 0027496-00138

---

it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions.".

*USA v. 3M Company*
Case No. 3:20-mc-00017-TMB    7

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920