# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States v. 3M Company*
Case No. 3:20-mc-00017-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Respondent 3M's Motion to Transfer under Rule 45(f) (the "Motion").[1] 3M asks the Court to transfer the United States' Motion to Quash to the issuing court in the Northern District of Florida.[2] The United States filed a Response and does not oppose transfer.[3] The parties further stipulated (the "Joint Stipulation") as to 3M's response to the Motion to Quash.[4] The Court **ACCEPTS** the Joint Stipulation and, for the reasons discussed below, **GRANTS** the Motion.

The underlying Motion to Quash involves a subpoena seeking documents and testimony from Rosemarie Rotunno, who conducted an examination of one of the plaintiffs who is party to a multi-district litigation in the Northern District of Florida.[5] The litigation concerns the safety of certain 3M earplugs that allegedly caused plaintiffs to develop hearing loss and tinnitus.[6] Rotunno is not a party to the litigation.[7] 3M subsequently moved to transfer the Motion to Quash to the issuing court in the Northern District of Florida, arguing that the status of the multi-district litigation and "nonexistent interest" in local resolution of the Motion to Quash weighed in favor of transfer.[8] While the United States disagrees with 3M's justifications for transfer, it does not oppose transfer in this case.[9]

Rule 45(f) of the Federal Rules of Civil Procedure allow the Court to transfer a subpoena-related motion "if the person subject to the subpoena consents [to the transfer] or if the court finds exceptional circumstances."[10] The Advisory Committee notes state that "[i]n some circumstances . . . transfer may be warranted in order to avoid disrupting the issuing court's

---

[1] Dkt. 5 (Motion).
[2] *Id.* at 1; Dkt. 1 (Motion to Quash).
[3] Dkt. 8 at 2 (Response).
[4] Dkt. 9 (Joint Stipulation).
[5] Dkt. 1 at 1–2; *see In re 3M Combat Arms Earplug Products Liability Litigation,* Case No. 3:19-md-2885-MCR-GRJ (N.D. Fla.).
[6] *See* Dkt. 5 at 2.
[7] *Id.*
[8] Dkt. 5 at 3–6.
[9] Dkt. 8 at 5.
[10] Fed. R. Civ. P. 45(f).

1

management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."[11]

Here, the Court concludes that the criteria under Rule 45(f) are met and that transfer is appropriate. 3M has litigated discovery disputes before Judge Rodgers and Magistrate Judge Gary Jones in the Northern District of Florida.[12] 3M anticipates issuing similar subpoenas to federal employees in multiple districts.[13] The multi-district litigation is complex—no less-so because of the COVID-19 pandemic—and the Northern District of Florida has a strong interest in resolving the Motion to Quash with the benefit of its extensive experience with the underlying litigation and similar disputes.[14] These are exceptional circumstances as contemplated by Rule 45(f) and the corresponding Advisory Committee guidance. Furthermore, the United States does not oppose transfer.[15]

Accordingly, for the foregoing reasons, the Motion is **GRANTED**. The Clerk is directed to transfer the United States' Motion to Quash at Dkt. 1 to the United States District Court for the Northern District of Florida and close the case.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: October 13, 2020.

---

[11] Fed. R. Civ. P. 45(f) Advisory Committee Notes on Rules (2013 Amendment).
[12] Dkt. 5 at 6.
[13] *Id.* at 3.
[14] *See* Dkt. 7 (Notice of Supplemental Authority) (citing to a companion Motion to Transfer that was recently granted in the Middle District of Florida).
[15] Dkt. 8 at 2.